## Commonwealth v. Houseknecht

*C. Wayne Smyth,* for Commonwealth.
*Romeyn F. Culver,* for defendant.

CULLEN, P. J., April 23, 1959.—W. Perry Houseknecht was arrested by the Chief of Police of Columbia Township, Bradford County, and charged with operating an automobile at the rate of 65 miles per hour

where the statutory limit was 50 miles per hour. An information was made and defendant waived hearing and gave bond.

Upon hearing in this court the Commonwealth produced the arresting officer and his companion at the time of the arrest, his companion being a member of the auxiliary police, and their testimony was taken.

Commonwealth offered a certificate of speedometer accuracy for the arresting officer's vehicle showing a test made within 30 days prior to the arrest. Defendant objected to the admission of the certificate and it was received by the court subject to further ruling.

Under the terms of the statute, the Commonwealth is unable to sustain its burden if the certificate offered cannot be admitted into evidence since section 1002(d) (1) of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §501, required that the rate of speed shall be timed for a distance of not less than one-quarter mile by a peace officer using a motor vehicle equipped with a speedometer tested for accuracy within a period of 30 days prior to the alleged violation.

The statute further states that an official certificate showing such test was made, that the speedometer was adjusted for accuracy, the date thereof and the degree of accuracy of such speedometer after adjustment shall be competent and prima facie evidence of the fact that the certificate is official and the speedometer is accurate.

Since the fact of the accuracy of the speedometer is vital and there are many practical difficulties in having the individual testing the speedometer available for such hearings as these to testify regarding the test and its results and to be subject to cross-examination by defendant, the statute makes a certificate competent evidence.

The provisions of this act relating to the certificate must be strictly construed and unless a certificate meets the requirements laid down in the act, the certificate cannot be admitted.

The certificate offered states that the speedometer on the arresting officer's car was "tested and found accurate to within allowable tolerances". Under such language there is no indication of the meaning "allowable tolerances" or who decided what allowances permitted the certificate of accuracy to be issued. Without anything more before the court than the subject certificate, it can be argued that someone might feel a speedometer was accurate if it reflected a rate of speed within 10 or 15 miles per hour of the true speed and that it was not accurate if there was a difference of one mile per hour between the true speed and that reflected by the tested speedometer, and there is nothing in the statute permitting a certificate to be made in such terms. On the contrary, the statute says that the degree of accuracy shall be stated in the certificate. It is true that this may relate to a certificate when the speedometer has been adjusted, but it is reasonable to apply the language to the result of the test, if no adjustment is made. It is true that there is no language in the statute certifying the use of "allowable tolerances".

The certificate of accuracy as offered in evidence, being properly excluded, the Commonwealth has failed to produce sufficient evidence to establish the guilt of defendant upon the offense charged.

### Order

And now, April 23, 1959, after hearing, defendant is found not guilty.